# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LATINA MARIE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES et al.,<br><br>Defendants. | Case No. CV 23-09938-MRA (DFM)<br><br>Order Accepting Report and Recommendation of United States Magistrate Judge |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the assigned United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.

As an initial matter, because Plaintiff is proceeding in forma pauperis, the Court screens Plaintiff's complaint under 28 U.S.C. § 1915(e). The first paragraph of the "Standard of Review" section of the Magistrate Judge's Report and Recommendation erroneously cites 28 U.S.C. § 1915A, which applies to prisoners. However, under either provision, the Court applies the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying Rule 12(b)(6) standard under § 1915A);

Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying Rule 12(b)(6) standard under § 1915(e)(2)).

The Report recommends the dismissal of Plaintiff's Fifth Amended Complaint for failure to state a claim and without further leave to amend. (ECF No. 36.) Plaintiff's objections to the Report (ECF No. 37) do not warrant a change to the Report's findings or recommendations. Except as so noted, the Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

Plaintiff objects that she has no legal representation or background in law and that she did not have enough time to make necessary corrections. (ECF No. 37 at 2.) To the contrary, Plaintiff's pleadings have been construed liberally. (ECF No. 36 at 2.) Moreover, Plaintiff amended her Complaint five times. (ECF Nos. 6, 13, 20, 26, 31.) Thus, despite Plaintiff's *pro se* status, she had a sufficient opportunity to correct her pleading deficiencies.

Plaintiff relatedly objects that the allotted time to provide details was insufficient. (ECF No. 37 at 2.) As stated, Plaintiff amended her Complaint five times. (ECF Nos. 6, 13, 20, 26, 31.) The Magistrate Judge also gave her detailed notice of her pleading deficiencies and ample time to correct them. (ECF Nos. 10, 18, 22, 29.) Thus, Plaintiff had a sufficient opportunity to correct her pleading deficiencies.

Plaintiff objects that her rape kit was unlawfully taken and that police officers falsely imprisoned her in transporting her for that examination. (ECF No. 37 at 2.) As the Report found, however, Plaintiff's allegations failed to show that the officers acted unreasonably in transporting Plaintiff to a medical facility for an examination. (ECF No. 36 at 17.) According to her own

allegations, she could not walk up the street due to her injuries and declined an ambulance; and she failed to allege what the officers said or did to make her believe she was not free to leave.  (*Id.*; ECF No. 31 at 6 ¶ 14 and at 36.)

Plaintiff objects that two of the Defendants, police officers in full uniform, hovered over and intimidated her at the pediatric area of the hospital.  (ECF No. 37 at 3.)  As the Report found, however, allegations such as these were insufficient because Plaintiff did not "allege what each defendant did, when the defendant did it, how the defendant's action harmed the plaintiff, and what specific right the defendant violated."  (ECF No. 36 at 8.)

Plaintiff objects that she was abused by more than 100 men, including police officers, and was unlawfully targeted due to racism.  (ECF No. 37 at 3.)  As the Report found, however, allegations such as these are "impermissibly vague."  (ECF No. 36 at 9.)  Plaintiff also did not provide sufficient factual allegations to support an inference of discriminatory intent or purpose.  (*Id.* at 19.)

Plaintiff objects that the police report did not document what was reported, as retaliation for her attempts to report crimes.  (ECF No. 37 at 3-4.)  As the Report found, however, Plaintiff failed to state a First Amendment claim.  (ECF No. 36 at 14-15.)  Plaintiff had no constitutional right to any particular action in response to her grievances.  (*Id.*)

Plaintiff objects that her rape kit and medical records were taken by Defendants and withheld from the attorney general's office.  (ECF No. 37 at 4.)  As the Report found, however, Plaintiff's allegations show that police officers took Plaintiff to a medical center to be examined.  (ECF No. 36 at 18.)  "Given this, it is unsurprising that the officers would then collect the sexual

assault evidence kit and other relevant evidence in order to investigate Plaintiff's report." (*Id.*)  Moreover, such allegations do not state a cognizable claim under the Takings Clause.  (*Id.*)

    IT IS THEREFORE ORDERED that:

1. The Report and Recommendation is approved and accepted;
2. Plaintiff's Fifth Amended Complaint is DISMISSED without leave to amend;
3. This action is dismissed with prejudice.

Date: April 30, 2025

MONICA RAMIREZ ALMADANI
United States District Judge